Alma E. **ELMORE**, Plaintiff-Appellee,

v.

**UNITED STATES** of America,
**Defendant-Appellant.**

No. 18555.

United States Court of Appeals
Sixth Circuit.

Nov. 20, 1968.

J. F. Bishop, Dept. of Justice, Washington, D. C., for appellant, Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief.

Richard P. Jahn, Chattanooga, Tenn., for appellee, Leonard R. Tanner, Jr., Tanner & Jahn, Chattanooga, Tenn., on the brief.

Before O'SULLIVAN, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

Plaintiff-appellee recovered the judgment from which defendant-appellant has perfected this appeal in an action brought under the Federal Tort Claims Act. She was a passenger in an automobile operated by a driver found by the District Judge, sitting without a jury, to have been negligent, and suffered injuries resulting in the damages upon which the recovery was based. The vehicle owned by defendant-appellant involved in the occurrence was being operated by an army sergeant found by the trial judge to have been acting in the scope of his employment, and the trial judge further found:

"[The Sergeant] was guilty of proximate negligence in that, after he saw the highway was narrowing from two lanes for northbound traffic to one lane for northbound traffic, he continued traveling in a northerly direction without ever attempting to ascertain whether he could move into the one-lane area with safety to himself and to others and he drove his vehicle into the area where the road narrows without proper regard for approaching or passing vehicles. His negligence in this respect proximately contributed to cause [the car in which plaintiff was a passenger] to strike the curb upon the divider strip and go out of control, resulting in the accident."

We cannot say, as appellant would have us, that this finding of fact* is clearly erroneous, and the judgment will be affirmed.

A second issue is presented for the first time in this court without having been passed upon by the District Court. In such circumstance the cause would normally be remanded for a determination of that court, but in oral argument counsel for both parties agreed that an oversight on the part of the attorney for the United States had resulted in the attention of the trial judge not having been directed to this second question. Counsel further agreed to be bound by our determination thereon without remand.

This ancillary question concerns the allowance of attorney fees, with appellant arguing that the amount determined to be due to plaintiff-appellee's counsel is in excess of that permitted under 28 U.S.C. § 2678. The total judgment was $71,491.94, and an award of 20% on $61,491.94 was made which is conceded by the parties to have been proper. However, appellant is entitled to recover $10,000 from the third-party defendant, and the award included 33⅓% of that sum on the ground that plaintiff's attorneys were entitled to that percentage under their contract of employment, and that it was therefore not subject to the limitation of Section 2678. We conclude otherwise, and hold that the limitation of 20% applies to the entire amount of the judgment regardless of the fact that the appellant is entitled to recoup a portion thereof from a third party.

The judgment of the District Court is affirmed, but that portion thereof providing for the allowance of attorneys' fees will be modified to limit the amount of such fees to 20% of the judgment entered for plaintiff-appellee.

---

* Appellant's contention that because the quoted determination was set forth under the caption "Conclusions of Law" it does not constitute a finding of fact is without merit.